IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHERRI MULLINAX**                                                                  **PLAINTIFF**

V.                                              CIVIL ACTION NO. 2:16-CV-92-KS-MTP

**COOK SALES, INC.,** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [8] Plaintiff's Complaint. The Court grants the motion as to Plaintiff's claim of constructive discharge, but the Court denies it in all other respects.

## I. BACKGROUND

This is a Title VII discrimination and retaliation case. Plaintiff claims that she was employed by Defendants, and that they withheld bonuses, wages, commissions, rewards, and recognition that she had earned in the course of her employment. She further alleges that Defendants barred her from certain job opportunities and offered them to less qualified men. Plaintiff claims that Defendants withheld all of these benefits of employment because of her sex. She alleges that her supervisor made discriminatory comments regarding women who worked under him, including comments specifically about her.

Plaintiff filed two charges of discrimination with the EEOC. She alleges that Defendant retaliated against her for filing a charge by withholding opportunities for advancement, intentionally excluding her from meetings and e-mails, fabricating a

fraudulent disciplinary warning, and withholding a bonus.

Plaintiff filed her Complaint [1] on June 21, 2016. Defendant filed a Motion to Dismiss [7] for lack of jurisdiction pursuant to Rule 12(b)(1), which the Court now considers.

## II. DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction of this case because Plaintiff failed to exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC. The Fifth Circuit has declined to clarify whether filing an EEOC charge is a jurisdictional prerequisite or a mere precondition to filing suit. *Compare Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (exhaustion not jurisdictional prerequisite)*; Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (exhaustion not a jurisdictional prerequisite); *with Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (exhaustion was a "jurisdictional issue"). Accordingly, the Court will apply the standard of review under Rule 12(b)(6), rather than that of Rule 12(b)(1), insofar as Rule 12(b)(6) is generally more favorable to the non-movant.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the

complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When considering a Rule 12(b)(6) motion, the Court may also consider documents referred to in the operative pleading and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### A.   *Constructive Discharge*

First, Defendants argue that Plaintiff failed to exhaust her administrative remedies as to her constructive discharge claim. "[A]n employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not be reasonably expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). "In order to file suit under Title VII, a plaintiff first must file a charge with the EEOC within 180 days of the alleged discriminatory act. If and once the EEOC issues a right-to-sue letter to the party who has filed the EEOC charge, that party has 90 days to file a Title VII action." *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006). These time periods act as statutes of limitation. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).

"[T]he scope of an EEOC charge should be liberally construed for litigation purposes because Title VII was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship." *McClain v. Lufkin*, 519 F.3d 264, 273 (5th Cir. 2008). However, the Court must still determine "whether the charge has stated sufficient facts to trigger an EEOC investigation, and to put an employer on notice of the existence and nature of the charges against him." *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272-73 (5th Cir. 2013). Therefore, the charge is construed "in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *McClain*, 519 F.3d at 273. The Court must undertake a "fact-intensive analysis" and look "beyond the four corners of the document to its substance." *Id.*

In Plaintiff's charge of discrimination [8-3] of April 16, 2015,[1] she did not indicate that she had resigned, been constructively discharged, or that her employment with Defendant had otherwise terminated. In fact, she alleged that Defendant issued her a disciplinary warning "which threatened termination upon my next offense," indicating that she was still employed by Defendant at the time of filing. Moreover, Plaintiff specifically alleged in her Complaint [1] that she resigned on June 24, 2015 – *after* the charge of discrimination had been filed. Therefore, the charge could not have included facts regarding Plaintiff's alleged constructive discharge, and the record

---

[1] Plaintiff filed two charges – one on October 20, 2014, and another on April 16, 2015. She represented in briefing that she is not seeking relief for any discriminatory treatment alleged in the first charge. Accordingly, the Court will disregard it when addressing the current motion.

contains no evidence that Plaintiff amended the charge at a later date.

Accordingly, the Court concludes that Plaintiff did not exhaust her administrative remedies as to any Title VII claim arising from her alleged constructive discharge. The Court grants Defendant's motion to dismiss in that respect.

### B.     *Sex Discrimination*

Next, Defendant argues that Plaintiff failed to include any facts supporting a sex discrimination claim in her charge of discrimination from April 2015 [8-3]. However, Plaintiff marked the box for sex discrimination, and she alleged that she has been "continually passed over for opportunities to open [her] own sales lot," while "[m]ales who are less qualified than [her] have been given these opportunities, including an opportunity previously promised to [her]." These allegations are clearly sufficient to "trigger an EEOC investigation" into alleged sex discrimination, and to put Defendant on notice of such a charge. *Simmons-Myers*, 515 F. App'x at 272-73.

Defendant apparently contends that the facts alleged in the charge relate only to the retaliation claim. But charges of discrimination "should be liberally construed," *McClain*, 519 F.3d at 273, and the Court believes that the facts could support either a retaliation claim or a discrimination claim. Accordingly, the Court denies Defendant's motion to dismiss with respect to Plaintiff's sex discrimination claim.

### C.     *Retaliation*

Defendant also argues that Plaintiff failed to exhaust her administrative remedies as to certain specific factual allegations in her Complaint. Defendant contends that Plaintiff may not maintain a retaliation claim premised upon factual

5

allegations not specifically included in the charge of discrimination.

A Title VII claim "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983); *see also Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Floyd v. Communs. Workers of Am.*, 532 F. Supp. 2d 816, 823 (S.D. Miss. 2006).

In the charge [8-3], Plaintiff alleged that Defendant retaliated against her by disciplining her and issuing a written warning based on fabricated accusations, excluding her from sales meetings and e-mail communications, and passing over her for opportunities to open her own sales lot. In her Complaint [1], Plaintiff also alleged that Defendant denied her dealer and/or management positions, denied her opportunities to move to better lots where she could make more money, failed to give her rewards she had earned, and refused to pay her bonuses, among other things. In the Court's opinion, these allegations are sufficiently like or related to the charge's allegations that an EEOC investigation of them could reasonably be expected to grow out of the charge. *See Fellows*, 701 F.2d at 451. Accordingly, the Court denies Defendant's motion in this respect.

Finally, Defendant argues that several of Plaintiff's allegations of retaliatory conduct do not rise to the level of adverse employment actions. Specifically, Defendants contend that neither the written warning nor Plaintiff's alleged exclusion from sales

meetings and e-mails constitutes an adverse employment action. In the retaliation context, an "adverse employment action" is any action "that a reasonable employee would have found . . . materially adverse" or any action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)).

"[W]ritten warnings and unfavorable performance reviews are not adverse employment actions where colorable grounds exist for disciplinary action or where the employee continues to engage in protected activity." *Jackson v. Honeywell Int'l Inc.*, 601 F. App'x 280, 286 (5th Cir. 2015). Here, Plaintiff alleged that the written warning was based on false and exaggerated accusations. Accordingly, she pled sufficient facts to state a colorable retaliation claim arising from the warning.

As for the allegations of exclusion from meetings and e-mails, the Fifth Circuit has held that exclusion from meetings can be included with other alleged discriminatory acts to collectively form an adverse employment action. *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 368 (5th Cir. 2013). "Drawing all inferences in favor of [Plaintiff]," the collective allegations of her complaint are sufficient to state a claim for retaliation, *id.* and her alleged exclusion from meetings and e-mails is part of that claim. The Court denies Defendant's motion to dismiss in this respect.

### III. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's

Motion to Dismiss [7]. The Court grants the motion as to Plaintiff's claim of constructive discharge, but the Court denies it in all other respects.

SO ORDERED AND ADJUDGED, on this, the 21st day of November, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE